IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENDA MACHARDY,

                    Plaintiff,                    Case No. 25-2061-DDC-RES

v.

OWNERS INSURANCE COMPANY,

                    Defendant.

<u>**MEMORANDUM AND ORDER**</u>

Following a car accident with an underinsured motorist, plaintiff Glenda MacHardy filed this action against her insurer, defendant Owners Insurance Company. Though the accident happened in Kansas, plaintiff lives in Arizona and received all post-accident medical care in Arizona. So defendant has moved to transfer this case to the District of Arizona. Doc. 10. To succeed on this motion, defendant must shoulder a heavy burden and show that the relevant factors strongly favor transfer. Defendant's transfer argument collapses under the weight of that heavy burden, and the court thus denies its motion.

**I.    Background**

Plaintiff is a citizen of Arizona. Doc. 1 at 1. She had a car insurance policy with defendant that included underinsured-motorist benefits, with a $500,000 limit. *Id.* at 1–2. In October 2022, a car in which plaintiff was a passenger had an accident with an underinsured motorist. *Id.* at 2. That accident occurred in Kansas. *Id.* The underinsured motorist negligently caused the collision and the motorist's insurer offered the $25,000 liability limit. *Id.* Defendant,

plaintiff's own insurer, failed to provide her with an offer over that $25,000 liability limit. *Id.*
Plaintiff then filed suit here. *See generally id.*

Defendant now has moved to transfer this case to Arizona—plaintiff's home state. Doc.
10. Defendant asserts that plaintiff never received medical care for her injuries in Kansas. *Id.* at
2. Rather, plaintiff returned home to Arizona, where she received treatment for injuries
sustained in the accident. *Id.* In defendant's view, this case hinges on plaintiff's damages. *Id.* at
4. And most of the evidence and witnesses about plaintiff's damages are located in Arizona. *Id.*
4–5. Thus, transfer is appropriate, defendant concludes.

## II.      Legal Standard

28 U.S.C. § 1404 governs change of venue. It provides that, "[f]or the convenience of
parties and witnesses, in the interest of justice, a district court may transfer any civil action to
any other district or division where it might have been brought or to any district or division to
which all parties have consented." 28 U.S.C. § 1404(a). A district court has broad discretion
under § 1404(a) to adjudicate motions to transfer on a case-by-case review of convenience and
fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).
The Tenth Circuit has instructed district courts to consider the following nine factors when
determining whether to transfer a case under this provision:

- "plaintiff's choice of forum;"

- "the accessibility of witnesses and other sources of proof, including the
  availability of compulsory process to insure attendance of witnesses;"

- "the cost of making the necessary proof;"

- "questions as to the enforceability of a judgment if one is obtained;"

- "relative advantages and obstacles to a fair trial;"

- "difficulties that may arise from congested dockets;"

2

- "the possibility of the existence of questions arising in the area of conflict of laws;"

- "the advantage of having a local court determine questions of local law; and,"

- "all other considerations of a practical nature that make a trial easy, expeditious and economical."

*Id.* (quotation cleaned up); *see also Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The party moving to transfer a case bears the burden to show that transfer is appropriate under § 1404(a). *Bartile Roofs*, 618 F.3d at 1167. The movant must "demonstrate that the balance of factors 'strongly favors' a transfer of venue under § 1404(a)." *Id.* at 1167 n.13.

### III.    Analysis

Of the nine factors articulated above, defendant raises just three: (1) plaintiff's choice of forum, (2), the convenience and accessibility of witnesses and evidence, and (3) choice of law. The court considers each factor, in turn, below.

*First*, the court considers plaintiff's choice of forum. "[T]he plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quotation cleaned up). But our court long has held that a plaintiff's choice of forum "receives little deference when the plaintiff does not reside in his or her chosen forum." *Mills v. State Corp. Comm'n of Kan.*, No. 20-cv-02626-JAR-TJJ, 2021 WL 4476803, at *2 (D. Kan. Sept. 30, 2021) (collecting cases).[1] A leading civil-procedure treatise is in accord. 15 *Wright & Miller's Federal Practice & Procedure* § 3848 (4th ed 2025) ("If the plaintiff is not a resident of the

---

[1]    Plaintiff argues that *Mills* is "irrelevant" because it addressed an "intra-district transfer." Doc. 14 at 3. It's true. *Mills* analyzed a place-of-trial designation and considered the most convenient place for a trial within the District of Kansas, a slightly different question than a transfer between judicial districts. 2021 WL 4476803, at *1. But *Mills* applied the exact same analysis the court must apply here: the factors found in 28 U.S.C. § 1404(a). *Id.* Plaintiff's attempt to distinguish *Mills* isn't persuasive.

forum, the plaintiff's forum choice may be entitled to relatively little deference.").  Plaintiff

doesn't live here in Kansas, yet she chose this forum.  So, the court finds this factor neutral.

*Second*, the court must weigh "the accessibility of witnesses and other sources of proof,

including the availability of compulsory process to insure attendance of witnesses[.]"  *Chrysler*,

928 F.2d at 1516 (quotation cleaned up).  "The convenience of witnesses is the most important

factor in deciding a motion under § 1404(a)."  *Bartile Roofs*, 618 F.3d at 1169 (quotation cleaned

up).  To demonstrate that the current forum is inconvenient, a "movant must (1) identify the

witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3)

show that any such witnesses were unwilling to come to trial, that deposition testimony would be

unsatisfactory, or that the use of compulsory process would be necessary."  *Id.* (quotation

cleaned up).

Defendant's efforts on this convenience factor fall far short.  Defendant hasn't identified

the relevant witnesses.  He lists the following witnesses who live in Arizona:  plaintiff, her

husband, plaintiff's current and previous medical providers, and plaintiff's employer.  Doc. 20 at

4–5.  He particularly emphasizes the importance of the medical providers.  But defendant hasn't

identified any of these witnesses (save plaintiff) by name.  *See Navajo Nation v. Urban

Outfitters, Inc.*, 918 F. Supp. 2d 1245, 1256–57 (D.N.M. 2013) (denying motion to transfer

where defendant referred generally to employees without identifying them by name or shown

they're unwilling to testify in plaintiff's chosen forum).  Nor has defendant addressed the quality

or materiality of each witness's testimony.  And nowhere does defendant address whether these

witnesses are unwilling to participate in the litigation here.  These "general allegation[s] that

necessary witnesses are located in the transferee forum" won't do; our Circuit has instructed

district courts to deny motions supported by such generalized allegations.  *Bartile Roofs*, 618

F.3d at 1169 (quotation cleaned up); *see also Dish Techs. LLC v. WebGroup Czech Republic AS*, No. 23-cv-00553-RJS-JCB, 2024 WL 3510312, at *4 (D. Utah July 23, 2024) (concluding that general referral to witnesses who reside elsewhere failed to satisfy defendant's burden on transfer motion).  In sum, defendant hasn't shown that this factor—the most important one— favors transfer.

      *Third*, the court considers choice of law.  Defendant's choice-of-law analysis is a single paragraph.  Doc. 10 at 6.  And its reply didn't address choice of law at all.  *See generally* Doc. 20.  The court could reject this argument as abandoned on reply.  Worse still, the single paragraph defendant dedicated to this issue is full of mushy language—*i.e.* "Arizona law *probably* applies," "Arizona law will, therefore, *likely* apply[.]"  Doc. 10 at 6 (emphases added).  Such equivocation can't carry defendant's burden to show that the balance of factors strongly favor transfer.  And the court declines to do defendant's work for it.  Regardless, this factor receives less weight where, as here, "the case involves relatively simple legal issues."  *Bartile Roofs*, 618 F.3d at 1169 (quotation cleaned up).  The court thus concludes that defendant has failed to show that this factor favors transfer.

## IV.      Conclusion

      Defendant has failed "to demonstrate that the balance of factors strongly favors a transfer of venue under § 1404(a)."  *Id.* at 1167 n.13.  The court denies defendant's Motion to Transfer Venue (Doc. 10).

      **IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Owners Insurance Company's Motion to Transfer Venue (Doc. 10) is denied.

      **IT IS SO ORDERED.**

Dated this 23rd day of December, 2025, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge